UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SCOTTIE HURST, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:97-CR-151; 3:16-CV-361 |
| | ) | *Judge Jordan* |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Before the Court are Petitioner Scottie Hurst's counseled motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 and the United States' motion to deny the § 2255 motion and dismiss the action with prejudice [Docs. 1, 5].[1] Also before the Court are Petitioner's motion to defer ruling on his § 2255 motion pending Supreme Court certiorari review in *Raybon v. United States*, 867 F.3d 625 (6th Cir. 2017), and the United States' response to the § 2255 petition [Docs. 11, 14]. For the reasons that follow, the Court will **GRANT** the United States' motion to deny and dismiss this action [Doc. 5] and will DENY Petitioner's motion to defer ruling [Doc. 11]

### I. RELEVANT BACKGROUND FACTS AND PROCEDURAL HISTORY

In 1997, a jury convicted Petitioner of all seven counts of an indictment charging him with Conspiracy to Transport and Possess Stolen Firearms and Ammunition in Interstate Commerce, in violation of 18 U.S.C. § 371 (Count One); Possession of Stolen Firearms and Ammunition, in violation of 18 U.S.C. § 922(j) (Counts Two, Three and Five); Aiding and Abetting in the Transportation of Stolen Firearms in Interstate Commerce, in violation of 18 U.S.C. § 922(i)

---

[1] Unless otherwise indicated, document references in this Opinion are to Case No. 3:16-CV-361.

(Count 4); and Being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g) (Counts Six and Seven) [Docs. 1 (Indictment) and 74 (Verdict), Case No. 3:97-CR-151]. In Petitioner's presentence investigation report ("PSR") prepared thereafter, the probation officer determined that Petitioner had a prior felony conviction for a crime of violence [PSR at ¶ 10]. The prior felony conviction for a violent crime called for a base level offense of 20 [*Id.*]. Enhancements and an upward adjustment resulted in a total offense level of 34 [*Id.* at ¶¶ 12-13, 17, and 19]. Based on Petitioner's total offense level of 34 and his criminal history category of VI, his Guidelines range was calculated to be 262 to 327 months [*Id.* at ¶¶ 46, 65].

On December 11, 1998, Petitioner was sentenced, under the then mandatory Guidelines, to a total sentence of 288 months' imprisonment (consisting of 60 months on Count One, 120 months on Count Two, and 108 months each on Counts Three through Seven, with the sentences on Counts One through Three to run consecutive) [Docs. 92 (minutes) and 98, Judgment, Case No. 3:97-CR-151]. Petitioner appealed, and the Sixth Circuit affirmed his conviction and sentence on September 22, 2000. *United States v. Hurst*, 228 F.3d 751 (6th Cir. 2000). Petitioner did not pursue certiorari review in the Supreme Court. On June 22, 2016, Petitioner filed this counseled motion to vacate [Doc. 1].

Petitioner's § 2255 motion relies on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which struck down the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague[2] [Doc. 1]. *Johnson*, 135 S. Ct. at 2563 (holding "that imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process"). Petitioner argues that, pursuant to *Johnson*'s reasoning,

---

[2] The ACCA defines a "violent felony," in part, as a crime "that "is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B) (Emphasis added). *Johnson* invalidated the italicized part of the definition as vague. 135 S. Ct. at 2563.

he no longer has a qualifying predicate offense classified as a "crime of violence" that can be used to enhance his base level offense under USSG § 2K2.1 [*Id.* at 1].³

The United States opposes the § 2255 motion, asserting that *Johnson*'s holding was limited to the residual clause of the ACCA and that Petitioner has not shown that *Johnson* applies retroactively to the Guidelines on collateral review [Doc. 2 at 2]. Citing *Beckles v. United States*, 137 S. Ct. 886, 895 (2017), Respondent also maintains the Supreme Court has held explicitly that the advisory Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause and that USSG § 4B1.2's residual clause is not void for vagueness [Doc. 5 at 1]. Respondent further maintains that *Beckles* conclusively establishes that Petitioner's § 2255 motion is groundless and, therefore, subject to dismissal on the merits for failure to state a claim [*Id.* at 3]. Respondent submits, as an additional basis for dismissal, that Petitioner's motion is untimely, in light of the ruling in *Raybon* [Doc. 14, Response].

## II. DISCUSSION

Petitions under 28 U.S.C. § 2255 asking for collateral relief are subject to a one-year statute of limitation, running from one of four dates. 28 U.S.C. § 2255(f)(1)-(4). Usually, the date on which the judgment of conviction becomes final is the relevant date. 28 U.S.C. § 2255(f)(1). However, a new statute of limitation is triggered for claims based on a right which "was initially

---

³ For firearms offenses, the Sentencing Guidelines establish a sliding scale of base offense levels from 6 to 26 and call for an offense level of 20 if a defendant commits the offense "subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." USSG § 2K2.1(a)(4). The Guidelines define "crime of violence" as "any offense . . . punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-force clause"); (2) "is burglary of a dwelling, arson, or extortion, [or] involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). USSG. § 4B1.2(a). Thus, a "crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* USSG § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause); *see also* § 2K2.1 & cmt. (n1) (instructing that "crime of violence" has the meaning given the term in §4B1.2(a)).

3

recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Under subsection one, i.e., § 2255(f)(1), the one-year limitations period begins to run on the date a conviction becomes final. The Sixth Circuit decided Petitioner's direct appeal on September 22, 2000. *Hurst*, 228 F.3d at 75. As noted, Petitioner did not seek certiorari review in the Supreme Court. Hence, ninety days later, upon the lapse of the period for petitioning the Supreme Court for certiorari review, *see* Sup. Ct. R. 13.1, Petitioner's conviction became final. *Clay v. United States*, 537 U.S. 522, 525 (2003) (holding that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction"). The ninetieth day fell on Friday, December 22, 2000 (September 23, 2000, plus ninety days).[4] Petitioner could have filed a timely § 2255 petition within one year of that date, i.e., by December 22, 2001. Petitioner did not file a § 2255 motion until June 22, 2016, fifteen years and six months too late under § 2255(f)(1).

Under subsection three, a petition is timely so long as it is filed within one year after the Supreme Court issues an opinion newly recognizing a right and holding that it applies retroactively to cases on collateral review. 28 U.S.C. § 2255(f)(3). As the Court has observed, *Beckles* ruled that the advisory Guidelines residual clause in USSG 4B1.2(a), unlike the residual clause in the ACCA that *Johnson* struck down as unconstitutionally vague, is not subject to a void-for-vagueness challenge. *Beckles*, 137 S. Ct. at 892. Because Petitioner has not identified any new right recognized by the Supreme Court and made retroactive on collateral review that would trigger

---

[4] Rule 6(a)(1) of the Federal Rules of Civil Procedure directs that the day of the event that triggers a period that is stated in days is excluded from the computation of that period. *See* Rule 12, Rules Governing § 2255 Proceedings (permitting application of the Federal Rules of Civil Procedure that are not inconsistent with statutory provisions or the § 2255 Rules). Therefore, the computation of Petitioner's 90-day period excludes September 22, 2000, and starts on Saturday, September 23, 2000.

4

a new statute of limitations for a residual-clause claim arising under the mandatory Sentencing Guidelines, § 2255(f)(3) affords him no refuge.

The Court's conclusion that *Johnson* does not give Petitioner a new limitations period under § 2255(f)(3) is bolstered by *Raybon*. In *Raybon*, the Sixth Circuit explained that the law was unsettled as to whether *Johnson* applies to the residual clause in the mandatory Guidelines, meaning that *Johnson* did not recognize a new right to have a base level offense determined without reference to the "crime of violence" definition set forth in the residual clause in the mandatory Guidelines. *See Raybon*, 867 F.3d at 630 ("Because [*Johnson*'s application to mandatory sentencing guidelines] is an open question, it is not a 'right' that 'has been newly recognized by the Supreme Court' let alone one that was 'made retroactively applicable to cases on collateral review.'"), and at 630-31 (observing that § 2255(f)(3) does not save an untimely motion seeking "the recognition of a new right . . . —that individuals have a Constitutional right not to be sentenced as career offenders under the residual clause of the mandatory Sentencing Guidelines"); *see also Russo v. United States*, 902 F.3d 880, 882 (8th Cir. 2018) (explaining that "the timeliness of [a movant's] claim depends on whether he is asserting the right initially recognized in *Johnson* or whether he is asserting a different right that would require the creation of a second new rule"), *cert. denied*, 139 S. Ct. 1297 (2019).

Finally, § 2255(f)'s statute of limitation is not jurisdictional and is subject to equitable tolling. *Shelton v. United States*, 800 F.3d 292 (6th Cir. 2015); *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001), *abrogated on other grounds by Hall v. Warden*, 662 F.3d 745 (6th Cir. 2011). The one-year period in § 2255(f) may be equitably tolled for an otherwise untimely motion to vacate where a petitioner shows "that he has been pursuing his rights diligently . . . [a]nd . . .

that some extraordinary circumstance stood in his way and prevented timely filing. *Jones v. United States*, 689 F.3d 621, 626–27 (6th Cir. 2012) (citation omitted).

Petitioner has not alleged, and the record does not disclose, that equitable tolling of § 2255(f)'s limitation statute is appropriate in his case. Therefore, equitable tolling does not apply to rescue Petitioner's untimely motion to vacate.

As evidenced by the above discussion, *Johnson* has no application in Petitioner's case. Therefore, Petitioner's sentencing claim, constructed on *Johnson*, provides no basis for relief and is untimely under both §§ 2255(f)(1) and (f)(3).

### III. CONCLUSION

Based on the above law and analysis, the United States' motion to deny and dismiss Petitioner's § 2255 motion [Doc. 5] will be **GRANTED** and Petitioner's § 2255 motion will be **DENIED** and **DISMISSED** with prejudice. Because Petitioner's motion to vacate will be denied, his motion to defer ruling on his § 2255 motion [Doc. 11] will be **DENIED** as moot.

### IV. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner whose claims have been rejected on a procedural basis must demonstrate that reasonable jurists would debate the correctness of the Court's procedural ruling. *Id.*; *Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001). If there is a plain procedural bar and the district court is correct to invoke it to resolve the case, and a

reasonable jurist could not find that either that the dismissal was error or that a petitioner should be allowed to proceed further, a COA should not issue. *Slack*, 529 at 484.

Having examined Petitioner's *Johnson* claim under the *Slack* standard, the Court finds that reasonable jurists could not find that its rulings on the claim were debatable or wrong. Because reasonable jurists could not disagree with the Court's denial of the § 2255 motion and could not conclude that an issue offered in the motion is "adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), the Court will **DENY** issuance of a certificate of appealability. Fed. R. App. P. 22(b). The Court will **CERTIFY** that any appeal from this action would not be taken in good faith, Fed. R. App. P. 24(a), and consequently will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge